ALD-126                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-3308 & 25-1486 (consolidated)
_____

UNITED STATES OF AMERICA

v.

JULIO AVILES, SR.,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:15-cr-00181-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted by the Clerk for Possible Dismissal Due to Untimely Filing or for Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

April 17, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed May 8, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Julio Aviles, Sr., appeals the District Court's denial of his second motion for compassionate release filed pursuant to 18 U.S.C. § 3582. We will summarily affirm.

Aviles currently is serving a thirty-five-year sentence after a jury convicted him of numerous drug-trafficking and firearms offenses in the Middle District of Pennsylvania in 2017. He unsuccessfully challenged his conviction and sentence on direct appeal, see United States v. Aviles, 854 F. App'x 445, 446 (3d Cir. 2021) (nonprecedential), and under 28 U.S.C. § 2255, see United States v. Aviles, C.A. No. 22-1851. We subsequently affirmed the denial of his first compassionate release motion in 2022. See United States v. Aviles, C.A. No. 22-2319. Since that time, we have affirmed the denial of his motion for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, see Aviles v. United States, C.A. No. 23-3224, and we denied his application to file a second or successive Section 2255 motion, see In re: Julio Aviles, Sr., C.A. No. 23-2524.

Aviles filed the underlying motion for compassionate release in September 2024. The District Court denied his motion on the grounds that his proffered reasons for relief—alleged violations of his constitutional rights—were not appropriate considerations under Section 3582, and because his extensive criminal history and likelihood of recidivism rendered him a danger to the community in any event. To the extent Aviles intended to pursue constitutional challenges to his conviction or sentence,

2

the District Court explained that he had not satisfied the statutory prerequisites to filing a second or successive Section 2255 motion.

Aviles appealed. He also moved for reconsideration in the District Court, invoking for the first time certain ongoing health issues and specifically requesting that his sentence be reduced to 15 years, the mandatory minimum term that would have applied but for his status as a career offender. The District Court restated its findings as to his dangerousness and denied his request. Aviles appealed that order as well.[1] He then submitted to this Court virtually identical documents styled as "Petition[s] for Reconsideration of Reduction of Sentence Pursuant to 18U-S-C 3582(C)(1)(A), (C)(2), Based on Amendment 821," which briefly reiterate the ailments he listed in his reconsideration motion but primarily consist of arguments he previously raised in the District Court about purported irregularities at sentencing.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a District Court's order denying a motion for compassionate release for abuse of discretion and will not

---

[1] Both appeals are facially untimely. See Fed. R. App. P. 4(b). However, the time limit for appeals falling under Rule 4(b) is not jurisdictional, and we need not address the timeliness of such an appeal unless the government raises the issue, which it has not done here. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). Even if the government had, it appears that Aviles would be able to rescue his appeals under United States v. Grana, 864 F.2d 312, 313 (3d Cir. 1989) ("[I]n computing the timeliness of *pro se* prisoners' appeals, any prison delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal."). As a result, we do not dismiss the appeals as untimely.

3

disturb that decision unless the District Court "committed a clear error of judgment." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (citation omitted).  We may summarily affirm a District Court's decision if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A District Court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, *inter alia*, "extraordinary and compelling reasons warrant such a reduction."  We agree with the District Court that Aviles' motion relied exclusively upon legal challenges to his conviction and sentence that are not appropriate for consideration under Section 3582. Such claims must be presented under 28 U.S.C. § 2255 and are subject to that statute's limitations on successive filings, which Aviles has not satisfied here.  We also find no error in the District Court's conclusion that a sentencing reduction is unwarranted under the circumstances given Aviles' extensive criminal history and the risks he presents to the community.  See 18 U.S.C. § 3553(a).  As the District Court clearly did not abuse its discretion in denying Aviles' motion for compassionate release or motion for reconsideration, these appeals do not present a substantial question.  Accordingly, we deny Aviles' "petitions for reconsideration" and will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

4